**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIA TORRES-CASTILLO,<br>Petitioner,<br>v.<br>RANDI BORGEN, *et al.*,<br>Respondents. | Civil Action No. 26-12566 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is Petitioner Maria Torres-Castillo's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, arguing she is unlawfully detained under 8 U.S.C. § 1226(a) based on her warrantless arrest. (Habeas Pet., ECF No. 1.) On September 29, 2026, Respondents ("Government") filed a letter submitting that Petitioner is lawfully detained under § 1226(a) and informing the Court of Petitioner's criminal history. (Gov't Opp'n, ECF No. 4.)

Petitioner, a Mexican citizen, entered the United States on an unknown date and time. (*See* Habeas Pet.; Gov't Opp'n.) On September 21, 2026, Immigration Customs and Enforcement ("ICE") officers detained Petitioner. (Habeas Pet. at 5.) Two days later, Petitioner filed this Petition arguing she is unlawfully detained under 8 U.S.C. § 1226(a) because she was not provided with a warrant for her arrest. (*See generally id.*) The Government filed an expedited response submitting Petitioner is lawfully detained under § 1226(a), has a criminal history, and is scheduled for a bond hearing. (Gov't Opp'n.)

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Petitioner has the burden of showing he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Petitioner is detained under § 1226(a), which authorizes the Government to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). Creating "statutory rights associated with a given immigration status falls exclusively within the purview of Congress." *Osorio-Martinez v. Att'y Gen. U.S.*, 893 F.3d 153, 172 (3d Cir. 2018). § 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain a non-citizen, the non-citizen may request a bond hearing before an immigration judge ("IJ"), and to appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). *See, e.g.*, *Borbot*, 906 F.3d at 278–79; *see also* 8 C.F.R. § 1236.1(d)(1) (non-citizens

detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an IJ). At the bond hearing, the non-citizen has the burden of proving he or she is neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279.

Petitioner requests release from custody or a bond hearing. But she is lawfully detained under § 1226(a) and scheduled to receive a bond hearing. *Zheng*, 826 F. Supp. 3d at 554. Because Petitioner is receiving both the process owed to a non-citizen detained under § 1226(a), and the relief sought in her Petition, the Court will deny the Petition.

Accordingly,

**IT IS**, on this 16th day of October 2026,

**ORDERED** that Petitioner's Petition (ECF No. 1) is **DENIED *without prejudice***; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

**JULIEN XAVIER NEALS**
**United States District Judge**